# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KENNETH W. JAWORSKI,**

        **Plaintiff,**

        **v.**                              **Case No. 09-C-370**

**RICK RAEMISCH,**

        **Defendant**

---

## <u>ORDER</u>

        Pro se plaintiff Kenneth Jaworski, a Wisconsin state prisoner, brings this action under 42 U.S.C. § 1983, claiming that defendant Wisconsin Department of Corrections (DOC) Secretary Rick Raemisch violated his due process rights.  I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, and must dismiss a complaint or potion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a).

        Plaintiff claims that the DOC violated his due process rights by placing him in adjustment segregation without a hearing or with an unconstitutional hearing.  As a result, plaintiff alleges that the discipline recorded in his prison file is false, thereby resulting in improper loss of good time credits and miscalculation of his mandatory release date.[1]  He

---

[1]Under Wis. Stat. § 302.11(2)(b), an inmate's mandatory release date for parole is extended by 1 day for each two spent in segregation status.

also claims that the DOC violated his due process rights by refusing to correct his disciplinary record. As a remedy, plaintiff asks the court to order the DOC to remove conduct reports from his file, give him back his good time, and pay him $16,777,700 in damages.

The complaint must be dismissed for failure to state a claim. An individual cannot be liable under § 1983 unless he personally caused or participated in the alleged constitutional deprivation. Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Other than identifying Rick Raemisch as the DOC Secretary, plaintiff's complaint never mentions him, much less explains his involvement in the alleged violation of rights. Thus Raemisch must be dismissed. Furthermore, a petition for habeas corpus is the exclusive remedy when a prisoner who has lost good time wishes to challenge disciplinary convictions, and thus plaintiff may not seek reinstatement of good time credits through § 1983. Cochran v. Buss, 381 F.3d 637, 639 (7th Cir. 2004).

If plaintiff wishes to proceed with his due process claims, he must specifically identify those persons responsible for the alleged deprivations of his rights.

Therefore,

**IT IS ORDERED** that defendant Rick Raemisch is **DISMISSED** as a defendant in this action.

**IT IS FURTHER ORDERED** the complaint is **DISMISSED** with leave to refile an amended complaint. The amended complaint shall be filed on or before April 1, 2010.

**IT IS FURTHER ORDERED** that plaintiff's request for discovery (Doc. # 4) is **DENIED** as moot.

2

**IT IS ALSO ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 23 day of February, 2010.

/s_____
LYNN ADELMAN
District Judge

3