**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

KENNETH W. JAWORSKI,

      Plaintiff,

      v.                                                  Case No. 09-C-370

JUDY SMITH, GORDON ABERNANISON,
W. YOUNG, GARY MCCAUGHTRY,
JEFFREY ENDICOTT, and PHIL KINGSTON,

      Defendants.

---

## ORDER

Plaintiff Kenneth Jaworski, who is confined at the Wisconsin Resource Center, filed a pro se civil rights complaint under 42 U.S.C. § 1983. On February 23, 2010, I dismissed plaintiff's complaint, without prejudice, for failure to state a claim. Plaintiff filed an amended complaint on July 1, 2010.

Plaintiff's amended complaint names as defendants six current and former prison wardens employed by the Wisconsin Department of Corrections (DOC): Judy Smith, Gordon Abernanison, W. Young, Gary McCaughtry, Jeffrey Endicott, and Phil Kingston. Plaintiff alleges that these defendants violated his due process rights by maintaining incorrect information in his prison file, which caused him to improperly lose good-time credits and extended his MR (mandatory release) date. As a remedy, plaintiff asks the court to void all of his conduct reports, restore all of his good-time credit, and order the defendants pay him $16,777,700 in damages.

Like plaintiff's previous complaint, this amended complaint fails to state a cognizable due process claim. See Cochran v. Buss, 381 F.3d 637, 639 (7th Cir. 2004) ("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody.") (quoting Moran v. Sondalle, 218 F.3d 647, 650 (7th Cir. 2000)). A review of court records shows that plaintiff sought such habeas corpus relief in cases 06-C-812 and 10-C-296, which was denied without prejudice in both cases due to plaintiff's failure to properly exhaust his available state remedies. If plaintiff has now properly exhausted his state remedies and is otherwise eligible, he may reapply for federal habeas relief, but this civil rights action is not an appropriate vehicle for obtaining that relief.

Therefore,

**IT IS ORDERED** that this action is **DISMISSED** for failure to state a civil rights claim under 42 U.S.C. § 1983, without prejudice to plaintiff's ability to pursue a habeas corpus claim under 28 U.S.C. § 2241.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2011.

/s
LYNN ADELMAN
District Judge